USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2054

 UNITED STATES,

 Appellee,

 v.

 ANTHONY S. DESTEFANO,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Selya, Stahl and Lipez,
 Circuit Judges.
 
 
 
 
 
 Walter F. McKee and Lipman & Katz, P.A. on brief for
appellant.
 Jay P. McCloskey, United States Attorney, and F. Mark Terison,
Senior Litigation Counsel, on Motion to Vacate and Remand to the
District Court, for appellee.

NOVEMBER 22, 1999

 
 
 Per Curiam. In this direct criminal appeal, the
 appellant, who was convicted of two counts of being a felon in
 possession of a firearm in violation of 18 U.S.C. 922(g) and
 924(a)(2), contends that the counts in question were
 multiplicitous and that the district court plainly erred when
 it entered judgment on and sentenced him for both counts of
 conviction. The appellant also asserts that the district court
 plainly erred when it directed the probation officer to
 establish a payment schedule for the criminal monetary
 penalties imposed on him. The government has essentially
 conceded that appellant is correct by moving this court to
 vacate one count of conviction and to remand for resentencing
 on the remaining count. 
 In light of appellant's arguments and the
 government's motion, we direct that appellant's conviction and
 sentence on Count I be vacated as multiplicitous. See United
 States v. Rivera, 77 F.3d 1348, 1351, 1352 (11th Cir.) (per
 curiam), cert. denied, 517 U.S. 1250 (1996); United States v.
 Horodner, 993 F.2d 191, 193 (9th Cir. 1993); United States v.
 Jones, 533 F.2d 1387, 1391-92 (6th Cir. 1976) (all agreeing
 that the continuous and uninterrupted possession of the same
 firearm by a felon constitutes a single chargeable offense);
 United States v. Gore, 154 F.3d 34, 47-48 (2d Cir. 1998)
 (finding multiplicitous convictions and sentences to be plain
 error and correcting the error by vacating one conviction).
 We affirm the conviction on Count II. Because the
 district court did not impose fully concurrent sentences on the
 two counts of conviction (which involved essentially the same
 underlying conduct), we vacate the sentence on Count II in its
 entirety and remand for resentencing de novo. See United
 States v. Rodriguez, 112 F.3d 26, 28 (1st Cir.) (noting that,
 in multi-count convictions based on the same course of conduct,
 the sentences form a "package" that work together, so that if
 one is vacated on appeal, the trial judge ought to be free to
 reconsider "how the pieces fit together"), cert. denied, 118 S.
 Ct. 237 (1997); cf. United States v. Blasini-Lluberas, 169 F.3d
 57, 68 (1st Cir. 1999) (declining to consider alleged
 sentencing errors after vacating certain convictions for
 insufficient evidence where, on remand, the district court
 would be able to reevaluate and recalculate the sentence in
 light of the court's rulings) (both citing United States v.
 Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989)). We note
 that any new sentence providing for a payment schedule for any
 fine or special monetary assessment must comply with this
 court's recent decision in United States v. Merric, 166 F.3d
 406, 409 (1st Cir. 1999) (holding that a sentencing court may
 not delegate the task of setting a payment schedule for
 criminal fines to the probation officer). 
 The judgment of conviction and the sentence on Count
 I of the indictment are vacated. The judgment of conviction on
 Count II is affirmed. The sentence on Count II is vacated and
 remanded for resentencing de novo in accordance with this
 opinion.